IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ARLENE J. COLÓN-COLÓN, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN YAC-C AND YC-C, AND YODIMARIE COLÓN-COLÓN,<br><br>    Plaintiffs,<br><br>        v.<br><br>WAPA TV, HEMISPHERE MEDIA GROUP, INTERMEDIA PARTNERS, AZTECA ACQUISITION CORPORATION, TELEVICENTRO OF PUERTO RICO, LLC, ALEJANDRO MERCADO, FRANCISCO LÓPEZ A/K/A HAMBO, DEGENET, REINALDO ORTIZ, JOHN DOE, AND RICHARD ROE,<br><br>    Defendants. | CIV. NO.: 19-1825 (SCC) |

**OPINION AND ORDER**

The plaintiffs filed this lawsuit alleging that the defendants have violated the Copyright Act and Puerto Rico law by infringing their proposal for a software application about a coquí[1] named Diego who travels through villages in

---

1.   For those who do not know, a coquí is a "small arboreal frog that's brown, yellow, or green." *Puerto Rican Coquí*, NAT. WILDLIFE FOUND., https://www.nwf.org/Educational-Resources/Wildlife-Guide/ Amphibians/Puerto-Rican-Coqui (last visited Feb. 20, 2021). And the "[c]horuses of male coquís, which are beloved throughout Puerto Rico, can be heard from dusk until dawn all over the island." *Id.*

Case 3:19-cv-01825-SCC   Document 74   Filed 03/01/21   Page 2 of 17

Colón-Colón et al. v. Wapa Tv et al.                                    Page 2

Puerto Rico meeting other coquí and fighting off predators until he reaches his family in the El Yunque National Forest. Docket No. 43, pgs. 3, 5. Defendants Alejandro Mercado, Francisco López, Televicentro de Puerto Rico LLC d/b/a Wapa Tv, Hemisphere Media Group, Intermedia Partners, and Azteca Acquisition Corporation have filed motions to dismiss the plaintiffs' amended complaint. Docket Nos. 49, 53, 57. They argue that the amended complaint should be dismissed because the plaintiffs failed to obtain a copyright registration before filing this lawsuit, their claims are barred by the statute of limitations, and they have failed to state a claim upon which relief can be granted. The plaintiffs' claims under Puerto Rico law, the defendants contend, are federally preempted and time barred. We agree that the plaintiffs' amended complaint should be dismissed. For the reasons that follow, we grant the defendants' motions to dismiss the plaintiffs' amended complaint. And we order the plaintiffs to show cause as to why we should not dismiss their amended complaint as to the remaining defendants.

We will evaluate the plaintiffs' claims under the Copyright Act and then their claims under Puerto Rico law. But first we must address a threshold issue. Before filing a copyright-infringement claim, a plaintiff generally must have registered its copyright with the Copyright Office. *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) (quoting 17 U.S.C. § 411(a)). Here, the plaintiffs filed their lawsuit on September 2, 2019. *See* Docket No. 1. But the Copyright Office

did not approve registration of their copyright—a 2-D
artwork called Coquí's Gather Up—until January 28, 2020.
Docket No. 50-1; *see Fourth Est.*, 139 S. Ct. at 892 (concluding
that registration under § 411(a) has occurred when the
"Register has registered a copyright after examining a
properly filed application"). The defendants argue that the
plaintiffs' amended complaint must be dismissed because the
lawsuit was filed before their copyright was registered. We
disagree.

Amending a complaint can cure even jurisdictional
defects. *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 44 (1st
Cir. 2020). The Copyright Act's registration requirement is a
claims-processing rule, *see Reed Elsevier, Inc. v. Muchnik*, 559
U.S. 154, 161, 169 (2010), that the U.S. Court of Appeals for the
First Circuit allows to be cured through amendment, *see
Cortés-Ramos*, 956 F.3d at 44 (remanding to the district court
to decide whether it is in the interests of judicial expediency
to allow the plaintiff to amend his pleadings to include his
copyright registration that was granted after the lawsuit was
filed or require the plaintiff to file a new action). We conclude
that the plaintiffs cured their failure to obtain a copyright
registration before filing their original complaint by stating in
their amended complaint that they now have a registered
copyright, Docket No. 43, pgs. 10–11, and submitting it to the
Court in Docket No. 50-1.

## I.    PLAINTIFFS' CLAIMS UNDER THE COPYRIGHT ACT

We turn next to the plaintiffs' claims under the Copyright
Act and evaluate first the merits of the defendants' statute-of-
limitations defense. The Copyright Act allows a copyright
owner to recover for infringement of its exclusive rights in its
copyrighted work, including the rights to reproduce, prepare
derivative works, distribute, and publicly display the work.
*Fourth Est.*, 139 S. Ct. at 887 (citing 17 U.S.C. § 106). But a claim
under the Copyright Act must be brought within three years
of its accrual. *SCA Hygiene Prods. Aktiebolag v. First Quality
Baby Prods.*, 137 S. Ct. 954, 960 (2017) (quoting 17 U.S.C. §
507(b)). The claim accrues when a plaintiff "knows or has
reason to know of the act which is the basis of the claim."
*Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik
G.m.b.H. & CO.KG*, 510 F.3d 77, 88 (1st Cir. 2007) (quoting
*Santa-Rosa v. Combo Records*, 471 F.3d 224, 227 (1st Cir. 2006)).
Here, there are two allegations of copyright infringement[2]: (1)
the reproduction, adaptation, and/or public distribution of
the plaintiffs' registered work through the defendants' Dale
Coquí application software, Docket No. 43, pg. 8, and (2) the
public display of the registered work through a showing of
the Dale Coquí application software on the television show

---

2.   Because the plaintiffs may only bring suit under the Copyright Act to
recover for infringements of a registered copyright, *see Fourth Est.*, 139 S.
Ct. at 887, we will assume in their favor that their allegations accusing the
defendants of infringing their application proposal, idea, and concept are
allegations accusing the defendants of infringing their copyright-
registered work. We make this distinction because the plaintiffs did not
register their application proposal, idea, or concept—they registered
instead a 2-D artwork named Coquí's Gather Up. *See* Docket 50-1, pg. 1.

Case 3:19-cv-01825-SCC   Document 74   Filed 03/01/21   Page 5 of 17

Colón-Colón et al. v. Wapa Tv et al.                                    Page 5

Pégate al Mediodía, Docket No. 43, pg. 10. Because the statute of limitations runs separately for each violation, *Petrella v. MGM*, 572 U.S. 663, 671 (2014), we evaluate each in turn.

The plaintiffs allege that they presented their application proposal at the "App Idol" competition on June 14, 2012. Docket No. 43, pg. 7. Two years later, the plaintiffs read a blog post and El Nuevo Día[3] article informing them of the Dale Coquí application software that they believe is very similar to their application proposal. Docket No. 43, pg. 8. By our count, then, the plaintiffs knew of the facts that formed the basis of their first infringement claim on or about June 14, 2014. So, the statute-of-limitations period ended on or about June 14, 2017—more than two years before the plaintiffs filed this lawsuit on September 2, 2019.[4] *See* Docket No. 1. We conclude that the plaintiffs are time-barred from asserting a claim based on the Dale Coquí application software's alleged

---

[3] . El Nuevo Día is a daily circulation newspaper in Puerto Rico.

[4]. The plaintiffs previously filed a lawsuit with this Court on August 18, 2017, which they allege tolled the statute of limitations. Docket No. 67, pg. 9. But that case ended in a voluntary dismissal without prejudice. Order of Ct., *Colón-Colón v. Wapa Tv*, No. 17-cv-02107-GAG (D.P.R. Sept. 27, 2018), Docket No. 33. Under federal law, a statute of limitations "is not tolled by filing a complaint that is subsequently dismissed without prejudice." *Jorge v. Rumsfeld*, 404 F.3d 556, 563 (1st Cir. 2005) (quoting *Chico-Vélez v. Roche Prods., Inc.*, 139 F.3d 56, 59 (1st Cir. 1998)). The plaintiffs' previous lawsuit, therefore, does not affect our statute-of-limitations analysis for their claims under the Copyright Act.

Under Puerto Rico law, however, filing a lawsuit does toll the statute of limitations and—even if that lawsuit ends in voluntary dismissal—restarts the statute of limitations from the date the previous lawsuit ended. *See Rodríguez v. Suzuki Motor Corp.*, 570 F.3d 402, 407–08 (1st Cir. 2009) (citing *Wiscovich v. Weber Dental Mfg. Co.*, 19 P.R. Offic. Trans. 592, 604 (P.R. 1987)). But here we are evaluating the plaintiffs' claims under the Copyright Act, so Puerto Rico tolling rules do not apply.

reproduction, adaption, and/or public distribution of their registered work that they learned of on or about June 14, 2014.

As to the plaintiffs' second infringement claim, they allege that they received a phone call from a friend on August 29, 2017, informing them that the Dale Coquí application software had been publicly displayed on a television show called Pégate al Mediodía. Docket No. 43, pg. 10; Docket No. 67, pg. 9. But this statement cannot be correct. In the plaintiffs' initial lawsuit before this Court filed on August 18, 2017, they made the same allegation—i.e., that they received this phone call on August 29, 2017. Complaint, *Colón-Colón v. Wapa Tv*, No. 17-cv-02107-GAG (D.P.R. Aug. 18, 2017), Docket No. 1, pg. 10. The plaintiffs, however, cannot have received this call after they filed their original lawsuit containing allegations about it. We will assume in the plaintiffs' favor, however, that they actually received this phone call in early August before they filed the initial lawsuit. Because the plaintiffs became aware of the public display of the infringing work in early August 2017 and filed this lawsuit on September 2, 2019—less than three years later—the plaintiffs do not appear to be time-barred from bringing a claim based on this particular act of alleged infringement (i.e., the public display of the Dale Coquí application software on Pégate al Mediodía).

Though this claim does not appear to be time-barred, we conclude that it nonetheless fails because the plaintiffs' amended complaint does not sufficiently allege facts showing that they are entitled to relief for this claim. *See* FED. R. CIV. P.

12(b)(6). To establish copyright infringement, the plaintiffs must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Situation Mgmt. Sys. v. ASP Consulting LLC*, 560 F.3d 53, 58 (1st Cir. 2009). At the pleadings stage, the plaintiffs need not prove the elements of their claim, but they must "sufficiently allege facts that show that the claim is plausible on its face." *Cortés-Ramos*, 956 F.3d at 41. And, under Rule 12(b)(6), we accept as true the well-pleaded facts in the plaintiff's amended complaint and draw all reasonable inferences in their favor. *O'Brien v. Deutsche Bank Nat'l Trust Co.*, 948 F.3d 31, 35 (1st Cir. 2020).

Because a copyright registration is prima facie evidence of ownership of a valid copyright, *Situation Mgmt. Sys.*, 560 F.3d at 58, we find that the first element is satisfied. The second element has two requirements: (1) the defendants "actually copied the work as a factual matter" and (2) the "copying . . . rendered the infringing and copyrighted works 'substantially similar.'" *Cortés-Ramos*, 956 F.3d at 41. In analyzing whether the plaintiffs have sufficiently alleged facts showing that their copyright-infringement claim is plausible, we must remember that copyright law only protects the "original expression of ideas, not the ideas themselves." *Coquico, Inc. v. Rodríguez-Miranda*, 562 F.3d 62, 67 (1st Cir. 2009) (quoting *Johnson v. Gordon*, 409 F.3d 12, 19 (1st Cir. 2005)). Our focus must be on the plaintiffs' allegations about the original elements of their copyrighted work that the defendants

purportedly copied in their Dale Coquí application software. *Id.* (explaining that the second element of copyright infringement requires the "copying of original elements").

And this is where we conclude that the plaintiffs' claim fails because they do not plead—nor can we infer— that the defendants have copied any original elements from their copyrighted work. Here, the plaintiffs allege that one of them wrote in a notebook her ideas about developing an application about a coquí named Diego who travels through several villages in Puerto Rico meeting other coquí and fighting predators until he reunites with his family in the El Yunque National Forest. Docket No. 43, pg. 5. Plaintiffs further allege that although they never developed the application, Docket No. 43, pg. 6, they "exposed [their] proposal" to the defendants at the App Idol contest, Docket No. 43, pgs. 7–8, and "great similarity . . . exists between [the Dale Coquí application software] and [their] idea." Docket No. 43, pg. 8. Plaintiffs add that they explained to the defendants the "way [the game] was going to be played and all the information needed to make a game in its entirety." Docket No. 43, pg. 8. And a USB drive containing the application proposal "disappeared without any explanation." Docket No. 43, pg. 10.

We see a fatal pleading deficiency: Though the plaintiffs have a registered copyright in a 2-D artwork, Docket No. 50-1, their amended complaint does not allege that the defendants copied any original expression in that 2-D

Case 3:19-cv-01825-SCC   Document 74   Filed 03/01/21   Page 9 of 17

Colón-Colón et al. v. Wapa Tv et al.                                    Page 9

artwork. Nor are we able to make this inference. Copyright law does not protect "general plot ideas" or "stock characters." *See TMTV Corp. v. Mass Prods.*, 645 F.3d 464, 469 (1st Cir. 2011) ("Stock characters, like stock *scènes à faire*, are not subject to copyright protection."). Characters and plots, in other words, require a high level of delineation to make them subject to copyright. *See id.* Because there are no further factual allegations delineating the characters and plot of the plaintiffs' proposed application such that we can infer that some original expression exists, we conclude that a coquí named Diego is an uncopyrightable stock character that is part of an uncopyrightable general plot. An idea cannot be copyrighted, so the bare allegation that the Dale Coquí application software is "great[ly] similar[]" to the plaintiffs' "idea," Docket No. 43, pg. 8, does not permit us to infer that any original expression has been copied. We also note that the plaintiffs' allegation that they "*explained* to" the defendants "all the information needed to make a game in its entirety," Docket No. 43, pg. 8 (emphasis added), also does not allow us to infer that the defendants have copied any original expression because spoken words cannot be copyrighted: Copyright protection only protects works that have been "fixed in a tangible medium of expression." *Mass. Museum of Contemp. Art Found., Inc. v. Buchel*, 593 F.3d 38, 48 (1st Cir. 2010) (quoting 17 U.S.C. § 102(a)).

In their responses to the defendants' motions to dismiss, the plaintiffs allege that they have established a prima facie case of copyright infringement because they "came up with an idea . . . developed and created a game" and then "found out that their idea ha[d] been stolen and their creation was being used, marketed and commercialized by defendants." Docket No. 67, pgs. 5–6. But these bare assertions are not enough for the Court to infer that the plaintiffs' "idea" ever materialized past the point of an idea. *See* Docket No. 43, pg. 6 ("Plaintiff was not able to fully develop the application."); Docket No. 43, pgs. 7–8 ("Plaintiff could never get anyone to help her move her idea forward."). We are left only with the plaintiffs' allegation that the defendants have used the plaintiffs' idea, stock characters, and general plot. But copyright affords no protection to these.

What the plaintiffs needed to do is tell us—or at least provide us facts allowing us to infer—that the Dale Coquí application software is substantially similar to their registered work of 2-D artwork as a result of copying original elements from it.[5] Though the plaintiffs have a registered copyright in

---

5.    We observe that the plaintiffs here have repeated factual allegations from the plaintiff's complaint in *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36 (1st Cir. 2020). *Compare id.* at 40 (stating that the plaintiff alleged he "was misinformed, lured to enter and to participate in [the] contest with false information and threats with the only purpose to obtain his release to his compositions and creations in violation of copyright" (alteration in original)), *with* Docket No. 43, pg. 10 ("Plaintiffs were misinformed, lured to enter and to participate in contest with false information and threats with the only purpose to obtain their release to their compositions and creations in violation of the copyrights."). Though the plaintiffs parrot allegations from a case that resulted in the First Circuit reversing the district court for dismissing the plaintiff's claims under the Copyright Act, we explain why the result here is different. In *Cortés-Ramos*, the First Circuit held that the district court had erred in dismissing the plaintiff's claims under the Copyright Act because—at the pleadings stage—the plaintiff's allegation that the infringing

Case 3:19-cv-01825-SCC   Document 74   Filed 03/01/21   Page 11 of 17

Colón-Colón et al. v. Wapa Tv et al.                                    Page 11

a 2-D artwork, we cannot infer that the defendants have copied any original expression from it because the plaintiffs' amended complaint does not include any allegations about the original expression in their registered work. There are no allegations about what the plaintiffs have copyrighted other than that it is a 2-D artwork named Coquí's Gather Up. *See* Docket No. 50-1, pg. 1. We are merely provided with allegations of uncopyrightable subject matter: ideas, stock characters, and general plots. So even though the plaintiffs have a registered copyright, we cannot plausibly infer that the defendants, through their Dale Coquí application software, have copied any original elements of this work.

Because there are no allegations allowing us to infer that the defendants' in their Dale Coquí application software have copied original elements from the plaintiffs' registered 2-D artwork, we must dismiss this allegation of copyright infringement under Rule 12(b)(6) for failing to state a claim upon which relief can be granted. There may be other facts not included in the amended complaint that could state a claim. But because the plaintiffs have not sought leave to amend, we simply dismiss without prejudice their claims

---

music video was "almost identical" to the plaintiff's music video sufficiently pled both actual copying and substantial similarity. 956 F.3d at 42. But here, the plaintiffs merely alleged that they "discovered the great similarity that exists between that game and her idea." Docket No. 43, pg. 8. Unlike the plaintiff in *Cortés-Ramos*, the plaintiffs here do not allege that the infringing work is almost identical to the copyright-registered work: They allege instead that the purportedly infringing work is greatly similar to an idea they had. Because the plaintiffs do not tell us what they have copyrighted other than the bare fact that it is a 2-D artwork called Coquís Gather Up nor allege that the defendants have copied anything from that work, we cannot infer from their allegations that the defendants have copied an original expression from their registered work such that the infringing work and the registered work are substantially similar.

under the Copyright Act arising from the public display of the Dale Coquí application software on the television show Pégate al Mediodía.

## II.   CLAIMS UNDER PUERTO RICO LAW

The plaintiffs assert copyright claims under Puerto Rico law and tort claims under Articles 1802 and 1803 of the Puerto Rico Civil Code. We conclude that the plaintiffs' copyright claims under Puerto Rico law are preempted by the Copyright Act and that the plaintiffs' tort claims under Articles 1802 and 1803 are time-barred and fail to state a claim upon which relief can be granted.

A claim is preempted under the Copyright Act "if it does not require an element beyond 'mere copying, preparation of derivative works, performance, distribution or display.'" *Santa-Rosa*, 471 F.3d at 226; *see also* 17 U.S.C. § 301(a) ("[A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . are governed exclusively by this title."). Here, the plaintiffs' copyright claims under Puerto Rico law are preempted because both of the alleged acts of infringement in the amended complaint fall within the purview of the Copyright Act. The first act of alleged infringement is the defendants' reproduction, adaptation, and/or public distribution of the plaintiffs' registered work through the Dale Coquí application software, Docket No. 43, pg. 8, which falls under the Copyright Act, *see* 17 U.S.C. § 106(1)–(3). And the second alleged infringement is the

Case 3:19-cv-01825-SCC   Document 74   Filed 03/01/21   Page 13 of 17

Colón-Colón et al. v. WAPA TV et al.                                        Page 13

defendants' public display of the registered work through the Dale Coquí application software in a television show, Docket No. 43, pg. 10, which also falls under the Copyright Act, *see* 17 U.S.C. § 106(5). We, therefore, hold that the plaintiffs' copyright claims under Puerto Rico law are preempted by the Copyright Act.

The plaintiffs also assert tort claims under Articles 1802 and 1803 of the Puerto Rico Civil Code, Docket No. 43, pg. 2, which provide for claims based in fault or negligence and in vicarious liability, respectively, *see* P.R. Laws Ann. tit. 31, §§ 5141, 5142 (2020). Puerto Rico's statute of limitations for these claims is one year, beginning when the plaintiffs "had knowledge" of the "fault or negligence." P.R. Laws Ann. tit. 31, § 5298(2) (2020). To have knowledge of the claim, thereby starting the countdown of the statute of limitations, the plaintiffs must be aware of their injury and who may be responsible for it. *Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc.*, 812 F.3d 213, 215–16 (1st Cir. 2016) (discussing § 5298(2)). Here, the plaintiffs have been aware of the defendants' conduct at the App Idol contest since June 14, 2012, and their conduct concerning the first alleged infringement since on or about June 14, 2014. Docket No. 43,

pgs. 7–8. This lawsuit was filed September 2, 2019. Docket No. 1. Any claims under Articles 1802 and 1803 stemming from these events, therefore, must be dismissed as time barred.[6]

And all of the plaintiffs' claims under Articles 1802 and 1803 fail for another reason: The amended complaint fails to state a claim for which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). To reiterate, to survive a motion to dismiss under Rule 12(b)(6), the amended complaint must "plead factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Viewing the facts in the amended complaint in the light most favorable to the

---

6. The plaintiffs argue in their responses to the defendants' motions to dismiss that their filing of a prior lawsuit in this Court on August 18, 2017, tolled the statute of limitations. Docket No. 63, pg. 9. We note first that the plaintiffs allege that their prior lawsuit was filed on January 27, 2014. Docket No. 59, pg. 6; Docket No. 67, pg. 10. But that is not accurate. The complaint was submitted on August 18, 2017. Complaint, *Colón-Colón v. Wapa Tv*, No. 17-cv-02107-GAG (D.P.R. Aug. 18, 2017), Docket No. 1, pg. 12. Under Puerto Rico law, filing a lawsuit tolls the statute of limitations and—even if that lawsuit ends in voluntary dismissal—restarts the statute of limitations from the date the previous lawsuit ended. *See Rodríguez v. Suzuki Motor Corp.*, 570 F.3d 402, 407–08 (1st Cir. 2009) (citing *Wiscovich v. Weber Dental Mfg. Co.*, 19 P.R. Offic. Trans. 592, 604 (P.R. 1987)). We will assume in the plaintiffs' favor, as we did earlier, that they learned of the defendants' alleged public display of their registered work on the television show Pégate al Mediodía from a phone call that they received in early August 2017. By filing the initial lawsuit on August 18, 2017, the plaintiffs filed suit within the one-year statute-of-limitations period. And their one-year statute-of-limitations period restarted when their initial lawsuit was voluntary dismissed without prejudice on September 27, 2018. *See* Order of Ct., *Colón-Colón v. Wapa Tv*, No. 17-cv-02107-GAG (D.P.R. Sept. 27, 2018), Docket No. 33. Because the current lawsuit was filed September 2, 2019, Docket No. 1, there may be some claims here that would not be time-barred under Puerto Rico law. But, as we discuss below, we dismiss all of the plaintiffs' claims under Puerto Rico law on other grounds.

plaintiffs, as we must, *Cortés-Ramos*, 956 F.3d at 41, the plaintiffs' bald assertion of negligence and their conclusory statement that they were "misinformed, lured to enter and to participate in [a] contest with false information and threats," Docket No. 43, pg. 12, is wholly insufficient to survive a motion to dismiss. The plaintiffs have failed to allege any facts leading to a reasonable inference of negligence or intentional tortious conduct. Absent "further factual enhancement," the plaintiffs' "naked assertion[s]" do not state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). We, therefore, dismiss the plaintiffs' claims under Articles 1802 and 1803 for failure to state a claim. *See Cortés-Ramos*, 956 F.3d at 45 (affirming the district court's dismissal of claims under Puerto Rico law because the plaintiff's allegation that he was "misinformed, lured to enter and to participate in the contest with false information and threats" absent further factual development was "wholly conclusory and cannot survive a motion to dismiss").

In sum, we find that the plaintiffs' infringement claim arising from the defendant's reproduction, adaptation, and/or public distribution of their registered work through the Dale Coquí application software that they became aware of on or about June 14, 2014, is time-barred. And their infringement claim arising from the defendants' alleged public display of their registered work through the Dale Coquí application software being shown on a television show fails because the

plaintiffs have not sufficiently alleged that the defendants copied original elements from their registered work. The plaintiffs' copyright claims under Puerto Rico law, moreover, are preempted by the Copyright Act. Finally, the plaintiffs' tort claims under Articles 1802 and 1803 of the Puerto Rico Civil Code are time-barred and/or fail to state a claim upon which relief can be granted.

We, accordingly, **DISMISS WITH PREJUDICE** the plaintiffs' claims under the Copyright Act arising from the defendants' reproduction, adaptation, and/or public distribution of their registered work through the Dale Coquí application software that they became aware of on or about June 14, 2014, and the plaintiffs' claims under Puerto Rico law as to defendants Alejandro Mercado, Francisco López, Televicentro de Puerto Rico LLC d/b/a Wapa Tv, Hemisphere Media Group, Intermedia Partners, and Azteca Acquisition Corporation. We, moreover, **DISMISS WITHOUT PREJUDICE** the plaintiffs' claims under the Copyright Act arising from the defendants' public display of their registered work through the Dale Coquí application software on the television show Pégate al Mediodía as to defendants Alejandro Mercado, Francisco López, Televicentro de Puerto Rico LLC d/b/a Wapa Tv, Hemisphere Media Group, Intermedia Partners, and Azteca Acquisition Corporation. And we **ORDER** the plaintiffs to **SHOW CAUSE** as to why we should not dismiss their amended complaint as to the

remaining defendants: Degenet, Reinaldo Ortiz, John Doe, and Richard Roe. The plaintiffs have **fourteen (14) days** to show cause in a filing, which must comply with Local Rule 7(d) and be no longer than ten (10) pages. Failure to comply with this order will result in the dismissal of the plaintiffs' amended complaint against the remaining defendants.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of March 2021.

        S/ SILVIA CARREÑO-COLL
        UNITED STATES DISTRICT COURT JUDGE